**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KATHLEEN LORENTZEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GATEWAY REGIONAL YMCA,**<br><br>**Defendant.** | **Case No. 25-CV-01764-SPM** |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant Gateway Region YMCA. (Doc. 21). Having been fully informed of the issues presented, Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kathleen Lorentzen originally brought suit on September 10, 2025, (Doc. 3) and filed the Operative Complaint on December 17, 2025, (Doc. 19). Plaintiff asserts that Defendant violated the Pregnant Workers Fairness Act ("PWFA") and the Americans with Disabilities Act ("ADA") by failing to accommodate her disability, retaliating against her, constructively discharging her, and forcing her to resign. *(Id.,* pp. 3–4, 7–8). The following facts are taken from Plaintiff's Amended Complaint (*Id.*), which this Court accepts as true for purposes of evaluating a motion to dismiss. *See Lax v. Mayorkas,* 20 F.4th 1178, 1181 (7th Cir. 2021).

Defendant hired Plaintiff in August of 2022 as the Health and Wellness Director. (*Id.*, p. 7). In November 2023, Plaintiff told her immediate supervisor, Erin Darche, that she was pregnant and had to modify the medications she took for attention deficit hyperactivity disorder ("ADHD"). (*Id.*). Darche began making disparaging statements, including that she "couldn't take [Plaintiff] in public." (*Id.*).

Plaintiff claims that she requested a quiet workspace with closed blinds as an accommodation, but in her Charge of Discrimination, she stated that she "did not request nor require a reasonable accommodation." (*Id.*, pp. 7, 11).

Darche relocated Plaintiff from her office to a desk at the front of the facility that was in direct view of the security cameras. (*Id.*, p. 7). Darche instructed other employees to make sure that Plaintiff's blinds and office door remained open. (*Id.*). The lack of a quiet environment prevented Plaintiff from managing her ADHD symptoms. (*Id.*).

Plaintiff filed a discrimination complaint with Human Resources ("HR"). (*Id.*). After she filed a complaint, an HR employee called Plaintiff and told her that she could no longer use a staff member for home childcare, even though Darche had previously permitted it. (*Id.*). This phone call caused Plaintiff extreme distress, requiring her to be induced immediately and deliver her child three weeks early. (*Id.*).

While Plaintiff was on maternity leave, Darche instructed Plaintiff's direct reports not to contact her and hired someone to fill Plaintiff's position. (*Id.*).

As a result of these events, Plaintiff resigned on August 15, 2024. (*Id.*).

Plaintiff received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission on August 19, 2025. (*Id.*, pp. 5, 10).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint is construed in the light most favorable to the plaintiff. *Bilek v. Federal Ins. Co.,* 8 F.4th 581, 586 (7th Cir. 2021). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012).

## ANALYSIS

### I. Failure to Attach Right to Sue Letter.

Plaintiffs alleging employment discrimination actions under Title VII, ADA, or PWFA must exhaust their administrative remedies by filing charges with the EEOC and receiving right to sue letters before filing actions in federal court.[1] *Whitaker v. Milwaukee Cnty., Wisconsin*, 772 F.3d 802, 812 (7th Cir. 2014). Defendant alleges

[1] All three statutes operate under the same administrative exhaustion framework, requiring plaintiffs to file a charge with the EEOC before suing in federal court. *See* 42 U.S.C. § 2000e-5 (Title VII); 42 U.S.C. § 12117 (incorporates Title VII's procedures into the ADA); 29 C.F.R. 1614.407 (applying same enforcement scheme to the PWFA).

that this requirement includes a requirement that Plaintiff attach the right to sue letter to her Complaint. (Doc. 21, pp. 3–4). There is no such requirement.

At the motion to dismiss stage, the Court accepts all factual allegations in a complaint as true, so a plaintiff may establish that she has received a right to sue letter by attaching the letter to her complaint or by alleging in her complaint that she has received such a letter. *See Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (2025). Here, Plaintiff met this requirement by alleging in her Amended Complaint that she received a right to sue letter on August 19, 2025. (Doc. 19, p. 5). *See Krause v. Turnberry Country Club,* 571 F. Supp.2d 851, 859 (N.D. Ill 2008) (quoting *Raymond v. City of Chicago,* 183 F. Supp.2d 1060, 1066 n. 3 (N.D. Ill. 2002)) ("Although Title VII requires that a claimant be notified of her right-to-sue before filing a complaint, it does not state any requirement that a plaintiff attach the right-to-sue letter to her complaint."); see also *Frazier v. Harris,* 266 F. Supp.2d 853, 874 (C.D. Ill. 2003) ("A party is not required to attach documents such as the charge of discrimination; she needs only to plead generally that she has complied with EEOC procedure.").

**II. Failure to Accommodate Claims.**

"A plaintiff cannot bring a new claim that is 'inconsistent with' the claim in [her] EEOC charge, even if the new claim 'involves the same parties and the same facts as the other claim.'" *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004–05 (7th Cir. 2019) (quoting *Miller v. American Airlines, Inc.*, 525 F.3d 520, 526 (7th Cir. 2008)).

Here, Plaintiff alleged in her Charge of Discrimination that she "did not request nor require a reasonable accommodation." (Doc. 19, p. 11). This admission is fatal to a failure to accommodate claim.

Both the ADA and the PWFA require employers to make reasonable accommodations for "known" disabilities or limitations related to pregnancy. 42 U.S.C. § 12112(b)(5); 42 U.S.C. 2000gg-1(1). An employee seeking a reasonable accommodation has the "initial duty to inform the employer of a disability," *Beck v. Univ. of Wisc. Bd. Of Regents,* 75 F.3d 1130, 1134 (7th Cir. 1996), and request an accommodation, *see Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.,* 201 F.3d 894, 899 (7th Cir. 2000) ("the standard rule is that a plaintiff must normally request an accommodation before lability under the ADA attaches").

Because an employer cannot be liable for failure to provide reasonable accommodations where an employee does not request and believes that she does not require reasonable accommodations, and Plaintiff may not contradict her Charge of Discrimination in her Complaint, her failure to accommodate claim must be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss (Doc. 21) is **GRANTED in part and DENIED in part**. Plaintiff's failure to accommodate claim is **DISMISSED**.

**IT IS SO ORDERED.**

**DATED: September 22, 2026**

**Stephen P. McGlynn**
**U.S. District Judge**